Mrs. Ziff: After conferring with the Appraiser and Assistant Appraiser at the port of Houston, we so agree.

Miss Shostak: Plaintiff further offers to stipulate that the merchandise was entered subsequent to February 27, 1958, which is the effective date of the Customs Simplification Act of 1956 provisions amending Section 402, and that iron stone ware is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, issued January 20, 1958, as provided for in Section 6-a of the Customs Simplification Act of 1956, Public Law 927, 84th Congress.

Plaintiff further offers to stipulate that this appeal to reappraisement be deemed submitted for decision on this stipulation.

Mrs. Ziff: So agreed.

On the agreed facts, I find that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the iron stoneware, Ming Tree pattern, involved herein and that such value is the ex-factory invoiced unit values, net, packed.

Judgment will be rendered accordingly.

REHEARING MOTION DENIED

April 22, 1963

Reap. Dec. 10499.—Joseph Tanous v. United States, Entered at Laredo, Tex. Reap. Dec. 10439. Motion by plaintiff.

(Reap. Dec. 10500)

W. J. Byrnes & Co. of N.Y., Inc., et al. v. United States

Entry No. 770642, etc.

(Decided April 30, 1963)

*Barnes, Richardson & Colburn* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Rao, Judge: The appeals for reappraisement enumerated in schedule "A," annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, as follows:

1. That the involved merchandise was imported on or after the effective date of the Customs Simplification Act of 1956 and is not identified on the Final List